UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TORIC LAVERN YEARBY,

    Plaintiff,

v.                                           Case No. 5:21-cv-142-TKW-MJF

S. CLAYTON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Toric Yearby, DC# 693658, has filed a complaint under 42 U.S.C. § 1983 (Doc. 1). The undersigned recommends that Plaintiff's case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Plaintiff is barred under § 1915(g) from proceeding *in forma pauperis* and he failed to pay the filing fee upon initiating this lawsuit.[1]

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Charlotte Correctional Institution (Charlotte CI"). (Doc. 1 at 2). Plaintiff

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

initiated this action on July 1, 2021, by filing a complaint under 42 U.S.C. § 1983. (*Id*.). Plaintiff is suing three prison officials at the Northwest Florida Reception Center, Main Unit. He claims that Defendants violated his Eighth-Amendment right to be free from cruel and unusual punishments. Plaintiff alleges that his cell flooded and Defendants failed to address the flooding, which purportedly caused Plaintiff to fall and injure his back. (*Id*. at 6-8). Plaintiff seeks compensatory and punitive damages in excess of $2 billion.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's complaint discloses the following three cases that qualify as strikes under § 1915(g):

- *Yearby v. Levasseur,* No. 3:11-cv-1269-MMH-JRK (M.D. Fla. Dec. 28, 2021) (case brought pursuant to 42 U.S.C. § 1983 dismissed for failure to state a claim upon which relief can be granted);
- *Yearby v. Johnson*, No. 5:16-cv-223-LC-GRJ (N.D. Fla. Aug. 4, 2016) (case brought pursuant to 42 U.S.C. § 1983 dismissed for abuse of the judicial process); and

- *Yearby v. Johnson*, No. 5:17-cv-231-MCR-GRJ (N.D. Fla. Sept. 7, 2017) (case brought pursuant to 42 U.S.C. § 1983 dismissed for abuse of the judicial process).

(Doc. 1 at 13). Plaintiff concedes that he has accrued three strikes.[2] (Doc. 1-2 at 1).

Plaintiff, therefore, may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).

Plaintiff's allegation that he previously fell and injured his back fails to make a colorable showing that he is under imminent danger of serious physical injury. Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree,* 284 F.3d at 1236.

---

[2] Plaintiff states that he "intends" to pay the filing and asks that his case be stayed thirty days while he arranges payment. (Doc. 1-2). The Eleventh Circuit, however, has stated that a litigant who has accrued three strikes must pay the filing fee at the time he initiates a civil action. *See Vanderberg*, 259 F.3d 1324 ("After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit.") (citing 28 U.S.C. § 1915(g)).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

2. The clerk of court close this case file.

At Pensacola, Florida, this <u>10th</u> day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**